**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**MANHATTAN COURTHOUSE**

| | |
|---|---|
| Tiffany McDougall, individually and on behalf of all others similarly situated, | 1:23-cv-00168 |
| Plaintiff, | |
| - against - | Class Action Complaint |
| Samsung Electronics America, Inc., | Jury Trial Demanded |
| Defendant | |

Plaintiff alleges upon information and belief, except for allegations pertaining to Plaintiff, which are based on personal knowledge:

1. Samsung Electronics America, Inc. ("Defendant") manufactures, labels, markets, and sells the Galaxy S21 Ultra 5G smartphone with 128 gigabytes ("GB") of storage ("Product").



Third-Party Webstite (Best Buy)



Box Exterior Sticker



2. However, purchasers receive only 101 GB of storage or 21 percent less than the

promised amount, disclosed in the fine print specifications with the technical terms of "Internal Memory" and "Available Memory."

| ▲Memory | |
|---|---|
| Internal Memory | 128GB |
| Available Memory | 101.4GB |

3. A smaller footnote reveals that this missing 26.6 GB is the "Portion of memory occupied by existing content."

¹³Portion of memory occupied by existing content.

4. Though this "existing content" includes the phone's operating system, it also includes pre-installed applications such as Direct TV, Samsung Notes, Samsung Health, Samsung Pass, Samsung Visit and Smart Limits (for driving).

5. While these applications can be disabled, they cannot be removed to free up more of the promised storage space.

6. None of the pre-installed applications are necessary for the Product to function, and they are added solely to benefit Defendant

7. The result is that users cannot keep the quantity of videos, photos, applications and music on their device that they expected.

8. Since the device is sold without the ability to add local storage through a memory card, the only option is to purchase a new phone from Defendant with a greater storage amount.

9. The disclosures about the Product's "available memory" and "existing (pre-installed) content" are not presented and/or are not conspicuous to purchasers at the point of sale, whether through a third-party like Best Buy or in a store run by a cell phone carrier.

10. It is not technologically or commercially unfeasible to use less storage space for the

Product's operating system and allow users to uninstall the pre-installed applications.

11. As a result of the false and misleading representations, the Product is sold for approximately $1199.99, excluding tax and sales.

## Jurisdiction and Venue

12. Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

13. The aggregate amount in controversy exceeds $5 million, including any statutory damages, exclusive of interest and costs.

14. Plaintiff is a citizen of Pennsylvania.

15. Defendant is a citizen of New York and New Jersey.

16. The class of persons Plaintiff seeks to represent includes persons who are citizens of different states from which Defendant is a citizen.

17. The members of the class Plaintiff seeks to represent exceed 100 because the Product has been sold for several years, from thousands of locations, including cellular service providers, warehouse club stores, big box stores, electronic retailers and online, with the representations described here, in the States covered by Plaintiff's proposed classes.

18. Venue is in this District with assignment to the Manhattan Courthouse because Defendant (1) is a citizen of New York because it is organized under the laws of New York, (2) is subject to personal jurisdiction in any district within this State, and (3) has its most significant contacts within this District in this State, based on its commercial operations and sales compared to other districts.

## Parties

19. Plaintiff Tiffany McDougall is a citizen of Holmes, Pennsylvania, Delaware County.

20. Defendant Samsung Electronics America, Inc. is a New York corporation with a principal place of business in Ridgefield Park, New Jersey, Bergen County.

21. Defendant sells phones through third-party partners and/or from Samsung stores.

22. Defendant distributes detailed materials with the information these partners are required to disclose to customers, whether on a website or at a physical store.

23. Defendant did not require third-party retailers to inform potential purchasers of the storage limitations of its smartphones in a prominent and conspicuous manner.

24. Even the box the Product is sold indicates 128 GB of storage without any qualifiers.

25. Plaintiff purchased the Product at Best Buy in Wilmington, Delaware, in or around September 2021, for approximately $1200, excluding tax.

26. Plaintiff saw the statements of "128 GB" and thought she could use this entire storage amount for things like videos, photos, and music.

27. Plaintiff was unaware that over 20 percent of this storage space was allocated to the device's operating system and pre-installed applications, which she could not remove.

28. Plaintiff was unaware of the distinctions between "Internal Memory" and "Available Memory," nor was she informed of the limitations on the Product's usable storage space prior to her purchase.

29. Plaintiff paid more for the Product than she would have had she known she was not receiving 128 GB of usable storage space, as she would have paid less or not purchased it.

30. Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers.

Class Allegations

31. Plaintiff seeks certification under Fed. R. Civ. P. 23 of the following classes:

> **Pennsylvania and New York Class:** All persons in the States of Pennsylvania and New York who purchased the Product during the statutes of limitations for each cause of action alleged; and
>
> **Consumer Fraud Multi-State Class**: All persons in the States of Iowa, Arkansas, Wyoming, North Dakota, and Utah who purchased the Product during the statutes of limitations for each cause of action alleged.

32. Common questions of issues, law, and fact predominate and include whether Defendant's representations were and are misleading and if Plaintiff and class members are entitled to damages.

33. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair, misleading, and deceptive representations, omissions, and actions.

34. Plaintiff is an adequate representative because her interests do not conflict with other members.

35. No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

36. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

37. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

<u>Pennsylvania Unfair Trade Practices and Consumer Protection
Law ("UTPCPL") 73 P.S. §§201-1 *et seq.* and/or New York
General Business Law ("GBL") §§ 349 and 350 and/or</u>

38. Plaintiff incorporates by reference all preceding paragraphs.

39. Plaintiff expected the Product would provide 128 GB of usable storage, or at least slightly less than this amount, not 20 percent less.

5

40. Plaintiff would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

## Violation of State Consumer Fraud Acts
### (Consumer Fraud Multi-State Class)

41. The Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class are similar to the consumer protection statute invoked by Plaintiff and prohibit the use of unfair or deceptive business practices in the conduct of commerce.

42. The members of the Consumer Fraud Multi-State Class reserve their rights to assert their consumer protection claims under the Consumer Fraud Acts of the States they represent and/or the consumer protection statute invoked by Plaintiff.

43. Defendant intended that members of the Consumer Fraud Multi-State Class would rely upon its deceptive conduct, which they did, suffering damages.

## Breach of Contract

44. Plaintiff and Defendant entered into a contract for the sale of the Product.

45. The terms included 128 GB of usable storage space or slightly less than this amount based on storage of files necessary for the device to function.

46. Plaintiff paid money for the Product, which Defendant received.

47. Defendant breached the contract because the Product's available storage was over 20% less than advertised.

48. Plaintiff was harmed by paying more for the Product expecting 128 GB of storage, and by being unable to install the number of applications she wanted to and having to limit the number of files including photos, videos and music on her device.

## Breaches of Express Warranty,
## Implied Warranty of Merchantability/Fitness for a Particular Purpose
## and Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*

49. The Product was manufactured, identified, distributed, marketed, and sold by Defendant and expressly and impliedly warranted to Plaintiff that it contained 128GB of usable storage.

50. Defendant directly marketed the Product to Plaintiff and consumers through its advertisements and marketing, through various forms of media, on the packaging, in print circulars, direct mail, product descriptions distributed to resellers, and targeted digital advertising.

51. Defendant knew the product attributes that potential customers like Plaintiff were seeking and developed its advertising and marketing to directly meet those needs and desires.

52. Defendant's representations about the Product were conveyed in writing and promised it would be defect-free, and Plaintiff understood this meant that it contained 128GB of usable storage or slightly less than this amount.

53. Defendant's representations affirmed and promised that the Product contained 128GB of usable storage or slightly less than this amount..

54. Defendant described the Product so Plaintiff and consumers believed it contained 128GB of usable storage or slightly less than this amount, which became part of the basis of the bargain that it would conform to its affirmations and promises.

55. Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

56. This duty is based on Defendant's outsized role in the market for this type of Product, a trusted company known for its high-quality devices.

57. Plaintiff recently became aware of Defendant's breach of the Product's warranties.

58. Plaintiff provided or will provide notice to Defendant, its agents, representatives, retailers, and their employees.

59. Plaintiff hereby provides notice to Defendant that it breached the express and implied warranties associated with the Product.

60. Defendant received notice and should have been aware of these issues due to complaints by third-parties, including regulators, competitors, and consumers, to its main offices, and by consumers through online forums.

61. The Product did not conform to its affirmations of fact and promises due to Defendant's actions.

62. The Product was not merchantable because it was not fit to pass in the trade as advertised, not fit for the ordinary purpose for which it was intended and did not conform to the promises or affirmations of fact made on the packaging or label, because it was marketed as if it contained 128GB of usable storage.

63. The Product was not merchantable because Defendant had reason to know the particular purpose for which the Product was bought by Plaintiff, because she expected it contained 128GB of usable storage, and she relied on Defendant's skill and judgment to select or furnish such a suitable product.

64. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Negligent Misrepresentation

65. Defendant had a duty to truthfully represent the Product, which it breached.

66. This duty was non-delegable, and based on Defendant's position, holding itself out as having special knowledge and experience in this area, a trusted company, known for its

authentic, high-quality electronic devices, honestly marketed to consumers.

67. Defendant's representations and omissions regarding the Product went beyond the specific representations made in advertising and marketing and on the packaging, as they incorporated the extra-labeling promises and commitments to quality, transparency and putting customers first, that Samsung been known for.

68. These promises were outside of the standard representations that other companies may make in a standard arms-length, retail context.

69. The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in Defendant.

70. Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, their purchase of the Product.

71. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Fraud

72. Defendant misrepresented and/or omitted the attributes and qualities of the Product, that it contained 128GB of usable storage.

73. Defendant did not require its third-party authorized sellers to disclose that the 128 GB of storage would be reduced by over 20% due to operating system files and pre-installed applications which could not be removed.

74. Defendant knew purchasers would not learn of the device's storage limitations until after they bought the device and even then, until they reached the storage limit with their own files and applications.

<u>Unjust Enrichment</u>

75.   Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

   **WHEREFORE**, Plaintiff prays for judgment:

1. Certifying Plaintiff as representative and the undersigned as counsel for the classes;

2. Awarding monetary, statutory and/or punitive damages and interest;

3. Awarding costs and expenses, including reasonable attorney and expert fees; and

4. Other and further relief as the Court deems just and proper.

Dated:   January 8, 2023

Respectfully submitted,

/s/ Spencer Sheehan
Sheehan & Associates, P.C.
60 Cuttermill Rd Ste 412
Great Neck NY 11021
(516) 268-7080
spencer@spencersheehan.com