IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIFFANY MCDOUGALL, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>       Defendant. | Civil Action No:  1:23-cv-00168-LGS |

## ~~PROPOSED~~ PROTECTIVE ORDER

WHEREAS, Plaintiff Tiffany McDougall and Defendant Samsung Electronics America, Inc. ("the Parties") believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c);

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.    Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or any persons who are not Parties to this Action ("Third Parties") to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material ("Protected Material").

2.    Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information, or material as follows: "CONFIDENTIAL" or

"ATTORNEYS' EYES ONLY." The word "CONFIDENTIAL" or phrase "ATTORNEYS' EYES ONLY" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the word "CONFIDENTIAL" or phrase "ATTORNEYS' EYES ONLY" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

3.     With respect to documents, information, or material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure, including (i) any information copied or extracted from Protected Material, and (ii) all copies, excerpts, summaries, or compilations of Protected Material; (b) all pretrial, hearing or deposition testimony, or portions or summaries that contain or reflect testimony, or documents marked as exhibits or for identification in depositions and hearings, as well as conversations or presentations by Parties or their Counsel that might reveal Protected Material; (c) pretrial pleadings, exhibits to pleadings, and other court filings that contain, summarize, or reflect content of any Protected Material, including portions of briefs, memoranda, or any other writings filed with the court; (d) written

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," both individually and collectively.

discovery responses and answers that contain, summarize, or reflect content of any Protected Material; (e) affidavits; and (f) stipulations. All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any DESIGNATED MATERIAL shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.    Protected Material may be designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at any time. Inadvertent or unintentional production of documents, information, or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then, as reasonably practicable, destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon. The recipient(s) shall not be liable for failing to treat as confidential DESIGNATED MATERIAL before it has been designated as such.

a.    When the producing Party makes a claw-back request (*i.e.*, when it gives notice to the receiving Party that certain produced material is subject to a claim of privilege or other protection), the obligations of the receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

b.    When making a claw-back request, the producing Party shall: (i) clearly identify the materials subject to the privilege or other protection (*e.g.*, by Bates range if the materials are Bates numbered); (ii) provide a privilege log listing the item(s) produced and for which a claw-back request is being made; and (iii) produce a new copy of the material (utilizing the same Bates number as the original

material) with the privileged or Protected Material redacted (if the producing Party claims that only a portion of the document contains privilege or other protected material). If the producing Party claims that the entire document is privileged or protected, then the producing Party shall provide a slip sheet noting that the document has been withheld.

c. The receiving Party may contest the producing Party's assertion of privilege or other protection. In that instance, within seven (7) business days from receipt of the claw-back request, the receiving Party shall give the producing Party a written "Notice of Claw-Back Challenge" providing the reasons for said disagreement. The producing Party will have seven (7) business days to respond to the Notice of Claw-Back Challenge, in writing, by either: (i) agreeing to withdraw the claim of privilege or other protection; or (ii) stating the reasons for such claim. If the producing Party's response to the Notice of Claw-Back Challenge does not resolve the issue, the Parties shall meet and confer within five (5) business days of the response. If the conference does not resolve the dispute, within five (5) business days of the conference, the Parties shall submit the dispute to the Court for resolution. The producing Party retains the burden of establishing the applicability of the privilege or other protection as to any inadvertently produced materials.

d. The Parties may stipulate to extend the time periods set forth in paragraph 4(c).

e. Nothing in this Order limits the right of any party to petition the Court for an in camera review of the Protected Material.

5. "CONFIDENTIAL" documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party, upon order of the Court, or as set forth in paragraph 12 herein:

a. outside counsel of record in this Action;

b. employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

c. in-house counsel for the Parties who either have decision-making authority for the litigation of this Action or are assisting outside counsel in the litigation of this Action;

d. up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either Party may in good faith request the other Party's consent to designate one or more additional representatives, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such

additional representative(s) if the requesting Party believes that the other Party has unreasonably withheld such consent;

e.   outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action or other litigation involving the Party; (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert—including a list of all other cases in or for which, during the previous four (4) years, the witness testified as an expert at trial or by deposition or was retained (unless the consultant or expert is bound by a confidentiality provision not to disclose)—at least ten (10) days before access to the Protected Material is to be given to that consultant. The producing Party may notify the receiving Party in writing that it objects to disclosure of the Protected Material to the consultant or expert. The Parties agree to promptly confer in good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

f.   independent litigation support services, including persons working for or as court reporters, interpreters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

g.   the Court and its personnel; and

h.   a mediator to be agreed upon by the Parties, and the mediator's personnel.

6.   A Party shall designate documents, information, or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information, or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material.

7.      Documents, information, or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action, and shall not be used for any other purpose.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries, or descriptions shall be classified DESIGNATED MATERIAL and subject to all of the terms and conditions of this Order.

8.      To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "ATTORNEYS' EYES ONLY."

9.      For Protected Material designated "ATTORNEYS' EYES ONLY," access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 4(a)-(b) and 4(e)-(g).

10.     Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall not constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  Any Party that inadvertently or unintentionally produces documents,

information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information, or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information, or other material. The recipient(s) shall gather and return all copies of such documents, information, or other material to the producing Party, or certify in writing to the producing Party that such documents, information, or other material have been destroyed as reasonably practicable.

11.     There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.

12.     Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing, provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 5 of this Order); (vi)

an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

13. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "ATTORNEYS' EYES ONLY."

14. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal as provided in the Court's Individual Rule I.D.3 and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information, or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

15. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of

this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

16.   A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn, consistent with the Court's Individual Rules.  If the designating Party does not agree to re-designation within five (5) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.  In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

17.   Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

18.   To the extent that any discovery is taken of Third Parties and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order and entitled to its protections.

19.    To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" any documents, information, or other material, in whole or in part, produced or given by such Third Parties. Where a Third Party designates any documents, information, or other material as provided herein, experts previously disclosed and approved hereunder prior to said Third Party's production of any DESIGNATED MATERIAL need not be disclosed to said Third Party. Subsequently disclosed experts need not be disclosed to said Third Party before that Third Party's DESIGNATED MATERIAL may be disclosed thereto.

20.    If a Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that Party must: (a) promptly notify in writing the designating Party. Such notification shall include a copy of the subpoena or court order; (b) promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose Protected Material may be affected. If the designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating Party's permission. The designating Party shall bear the burden and expense of seeking protection in that court of its confidential

material.  Nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

21.     Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed as reasonably practicable.  The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

22.     The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order and/or the production of documents, information, and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

23.     Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

24.  Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information, and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

25.  Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

26.  Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

27.  A Party shall not use the other party's DESIGNATED MATERIAL for any purpose not directly related to this case, *Tiffany McDougall v. Samsung Electronics America, Inc.*, Case No. 1:23-cv-00168-LGS (S.D.N.Y.), without the other Party's approval or as otherwise permitted by a cross-use agreement between the Parties.

28.  Even after the final disposition of this litigation, the confidentiality designations imposed by this Order shall remain in effect until a Party agrees otherwise in writing or a court order directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in the action with prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

29.    The parties acknowledge that the Court retains discretion as to whether, in Orders and

Opinions, to afford confidential treatment to information that the parties have redacted,

sealed or designated as confidential.


Dated: July 21, 2023                           SO ORDERED:
       New York, NY


The parties are advised that the Court retains discretion
as to whether to afford confidential treatment to
redacted information in Orders and Opinions.

So Ordered.

Dated: July 24, 2023
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

13

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

TIFFANY MCDOUGALL, individually
and on behalf of all others similarly
situated,

            Plaintiff,

    v.

SAMSUNG ELECTRONICS AMERICA,
INC.,

            Defendant.

Civil Action No:  1:23-cv-00168-LGS

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING**
**PROTECTIVE ORDER**

I, _____, declare that:

1.  My address is _____.

    My current employer is _____.

    My current occupation is _____.

2.  I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.  I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that is disclosed to me.

4.  Promptly upon termination of this action, I will return all documents and things designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

5.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____